UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD G. ANDREWS, et al.,<br><br>Defendants. | Case No. 5:17-cv-03383-EJD<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Docket Nos. 19, 29 |

## I. INTRODUCTION

Pending before the Court are two separate motions. First, Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") seeks recusal of the undersigned judge pursuant to Judicial Canons 2 and 3 and 28 U.S.C.§§144, 455. Although the basis for Plaintiff's motion is not entirely clear, it appears that Plaintiff's assertions of lack of impartiality, bias, and prejudice are based upon rulings by the undersigned that Plaintiff perceives as unfavorable. The motion is DENIED. Judicial rulings are not a proper ground for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Second, Defendants Richard G. Andrews ("Judge Andrews"), Leonard P. Stark ("Chief Judge Stark"), Sue L. Robinson ("Judge Robinson"), and Elizabeth D. Laporte ("Judge Laporte") move to dismiss Plaintiff Dr. Lakshmi Arunachalam's complaint for failure to state a claim upon which relief may be granted. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

CASE NO.: 5:17-CV-03383-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

## II. BACKGROUND

In a 79-page complaint, Plaintiff alleges that she is an inventor and owns several patents relating to technology underlying Web applications. Plaintiff alleges that the United States is using Plaintiff's patented technology, and is engaged in a conspiracy to violate Plaintiff's constitutional rights. Plaintiff names as defendants three federal judges of the United States District Court for the District of Delaware and one federal judge of this district, each of whom presided over Plaintiff's lawsuits, and allegedly violated Plaintiff's constitutional rights and willfully and maliciously misapplied the law in order to deprive her of her patents. Plaintiff alleges that the judges "failed to perform their duty to uphold and enforce the Constitution and breached their Oaths of Office, willfully, wantonly and fraudulently refused to uphold and enforce J. Marshall's Ruling and 'Patent Prosecution History Estoppel' previously upheld by the U.S. Supreme Court." Complaint, ¶124. Count I of Plaintiff's complaint is entitled "Violations of the Constitution and Oaths of Office and Breach of Public Trust," and is predicated on Defendants' alleged failure to enforce a Supreme Court decision and to apply *res judicata*. Count II is entitled "Treason, Misprision of Treason, Aiding and Abetting Treason," and is based upon Defendants' alleged failure to comply with the United States Constitution. Count III is entitled "Conspiracy." Plaintiff alleges that defendants conspired to quash Plaintiff's patents. Count IV is entitled "Hindering Access to Justice By Misfeasance, Denial of Due Process, Deprivation of Rights, Deprivation of Rights Under Color of Law Under 18 U.S.C. §242," and is also based on a conspiracy to deprive Plaintiff of her patents. In the prayer for relief, Plaintiff seeks an order to void all of the judgments issued by defendants, and requests over $250 billion in damages.

## III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a

CASE NO.: 5:17-CV-03383-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

2

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pro se pleadings must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## IV. DISCUSSION

Plaintiff's claims are barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (federal judges have absolute immunity from civil liability for acts taken in their judicial capacity); see also Jones v. U.S. Supreme Court, 2010 WL 2975790 (N.D. Cal. 2010) (judicial immunity bars claims that are based upon allegations concerning judicial officer's decision-making while presiding over cases and acts performed in judicial capacity). Judicial immunity applies even where "the action [the judge] took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987), quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

In the present case, the defendants clearly had jurisdiction to hear Plaintiff's cases pursuant to 28 U.S.C. §§1331 and 1338 and 28 U.S.C. §636(c). Further, defendants were clearly acting within their judicial capacities when they made rulings on various motions submitted to them while presiding over Plaintiff's lawsuits. Accordingly, judicial immunity applies.

Application of judicial immunity, however, does not leave plaintiffs who believe they received an unfavorable, unconstitutional decision without a remedy: "[s]hould a federal judge or

CASE NO.: 5:17-CV-03383-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures of taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs." Mullis at 1394. Plaintiff may appeal her cases, if she wishes. This Court, however, lacks jurisdiction to void the judgments issued by defendants or to award damages.

## V.  CONCLUSION

Defendants' motion to dismiss is GRANTED. Because any amendment to the complaint would be futile, the dismissal is with prejudice. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**IT IS SO ORDERED.**

Dated: September 14, 2017

_____
EDWARD J. DAVILA
United States District Judge