UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD G. ANDREWS, et al.,<br><br>Defendants. | Case No. 5:17-cv-03383-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**<br><br>Docket No. 45 |

## I. INTRODUCTION

Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") moves to vacate the Judgment entered on September 14, 2017, pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff contends that the Judgment "is void; fraud, misrepresentation and misconduct by an opposing party, namely the U.S. Attorney Ms. C. Cormier; or any other reason that justifies relief, namely, abuse of discretion and judicial misconduct." Motion, p. 1. The motion is fully briefed and scheduled to be heard on February 8, 2018. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Plaintiff's motion to vacate the Judgment is denied.

## II. BACKGROUND

In a 79-page complaint, Plaintiff alleges that she is an inventor and owns several patents relating to technology underlying Web applications. Plaintiff alleges that the United States is using Plaintiff's patented technology, and is engaged in a conspiracy to violate Plaintiff's constitutional rights. Plaintiff names as defendants three federal judges of the United States

CASE NO.: 5:17-CV-03383-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT
1

District Court for the District of Delaware, Judges Richard G. Andrews, Leonard P. Stark, and Sue L. Robinson, and one federal judge of this district, Magistrate Judge Elizabeth D. Laporte, each of whom presided over Plaintiff's lawsuits, and allegedly violated Plaintiff's constitutional rights and willfully and maliciously misapplied the law in order to deprive her of her patents. Plaintiff alleges that the judges "failed to perform their duty to uphold and enforce the Constitution and breached their Oaths of Office, willfully, wantonly and fraudulently refused to uphold and enforce J. Marshall's Ruling and 'Patent Prosecution History Estoppel' previously upheld by the U.S. Supreme Court." Complaint, ¶124. Count I of Plaintiff's complaint is entitled "Violations of the Constitution and Oaths of Office and Breach of Public Trust," and is predicated on Defendants' alleged failure to enforce a Supreme Court decision and to apply *res judicata.* Count II is entitled "Treason, Misprision of Treason, Aiding and Abetting Treason," and is based upon Defendants' alleged failure to comply with the United States Constitution. Count III is entitled "Conspiracy." Count IV is entitled "Hindering Access to Justice By Misfeasance, Denial of Due Process, Deprivation of Rights, Deprivation of Rights Under Color of Law Under 18 U.S.C. §242," and is based on a conspiracy to deprive Plaintiff of her patents. In the prayer for relief, Plaintiff seeks an order to void all of the judgments issued by Defendants, and requests over $250 billion in damages.

On September 14, 2017, the Court granted Defendants' motion to dismiss and entered Judgment in Defendants' favor because the doctrine of judicial immunity barred all of Plaintiff's claims. Plaintiff thereafter filed a notice of appeal and the instant motion to vacate the Judgment. On January 9, 2018, the Federal Circuit dismissed the appeal for failure to prosecute.

### III. STANDARDS

Pursuant to Rule 60(b), Fed.R.Civ.P., the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the

CASE NO.: 5:17-CV-03383-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

2

1  judgment has been satisfied, released or discharged, or it is based on an earlier judgment that has
2  been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (6)
3  any other reason that justifies relief.

## IV.  DISCUSSION

Plaintiff first contends that the Court erred by dismissing the case based upon the doctrine of judicial immunity instead of considering the merits of Plaintiff's claims. Plaintiff asserts that Defendants "lost their judicial immunity and jurisdiction by warring against the Law of the Land," failing to abide by the Supreme Court's decision in Fletcher v. Peck, 10 U.S. 87 (1810), and failing to apply patent prosecution history estoppel. Plaintiff's Motion, pp. 2-3.

The Court's determination that judicial immunity applies is not erroneous. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 357 (1978). Here, there is no evidence that the four Judges acted in the clear absence of all jurisdiction.

Second, Plaintiff asserts that the Judgment should be vacated in light of "newly discovered" evidence in the form of (1) a recent ruling in Aqua Products, Inc. v. Matal, 872 F.3d 1290 (Fed. Cir. 2017) and (2) an article entitled "When Ineffective Assistance Becomes Malpractice" by Jonathan H. Adler dated November 5, 2009. The judicial opinion and the article do not constitute "new evidence," and do not have any relevance to the applicability of the doctrine of judicial immunity.

Third, Plaintiff asserts that the Judgment is inequitable because Defendants' counsel does not have permission to represent Defendants. The evidence is to the contrary. Counsel's declaration filed September 5, 2017 (Dkt. 32-1) confirms that counsel has permission from the Judges to represent them.

Fourth, Plaintiff asserts that the Judgment is a result of fraud. Plaintiff, however, has not presented any evidence of the alleged fraud.

Fifth, Plaintiff asserts that the Judgment is void "because many players, USPTO, PTAB

CASE NO.: 5:17-CV-03383-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT
3

judges, and Federal Judges, have warred against the Constitution and breached their solemn Oaths of Office." Motion, p. 8. As discussed previously, the doctrine of judicial immunity applies in the absence of any evidence that the Judges acted in the clear absence of all jurisdiction.

Sixth, subsection (b)(5) is inapplicable. The Aqua Products decision upon which Plaintiff relies was issued in a separate suit and has no relevance to the doctrine of judicial immunity upon which the Judgment in this case was based.

Finally, subsection (b)(6) applies only where there are "extraordinary circumstances." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 n. 11 (1988). The instant action does not present "extraordinary circumstances" that would justify vacating the Judgment.

## V. CONCLUSION

Plaintiff's motion to vacate the Judgment is DENIED.

**IT IS SO ORDERED.**

Dated: January 23, 2018

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-CV-03383-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT
4